**Michael Allan DUROSKO, Plaintiff–Appellant,**

**v.**

**Samuel A. LEWIS; Arizona Attorney General, Defendants–Appellees.**

**No. 88–15142.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 1989.

Decided Aug. 7, 1989.

Michael Allen Durosko, Douglas, Ariz., pro se.

Diane M. Ramsey, Asst. Atty. Gen., Phoenix, Ariz., for defendants-appellees.

Before GOODWIN, Chief Judge, ALARCON and NELSON, Circuit Judges.

GOODWIN, Chief Judge:

Durosko appeals the denial of his petition for a writ of habeas corpus, claiming that his enhanced penalty was a violation of the prohibition against double jeopardy.

Durosko was convicted of two counts of armed robbery. The state sought sentence enhancements under two separate provisions of Arizona law. Both allegations were predicated on the same Texas conviction.

First, the state alleged, pursuant to Ariz. Rev.Stat.Ann. [hereinafter A.R.S.] § 13–604 (1978), that Durosko had a prior felony conviction. An allegation of a prior felony conviction under § 13–604 is tried to a jury and must be proved beyond a reasonable doubt. *State v. Pennye*, 102 Ariz.

207, 427 P.2d 525, 526 (1967). As applied to Durosko, the effect of § 13–604 would have been to preclude the reduction of his sentence through mitigation, increase the potential sentence which could be imposed, and set a minimum portion of the sentence imposed that must be served prior to eligibility for release.

The state also alleged, pursuant to A.R.S. § 13–604.01 (1982) (now § 13–604.02 (1985)) that Durosko committed the robberies while on release status from a prior felony conviction.[1] At the time of Durosko's sentencing, an allegation that the predicate offense was committed while a defendant was on release status for a prior felony could be tried to a judge alone and required proof by a preponderance of the evidence. See State v. Hurley, 154 Ariz. 124, 741 P.2d 257, 261 (1987), cert. denied, — U.S. ——, 108 S.Ct. 756, 98 L.Ed.2d 768 (1988) (stating former standard and raising the standard of proof to clear and convincing evidence on the basis of the state constitution). Under § 13–604.02, the trial judge must sentence the defendant to life imprisonment without the possibility of release for twenty-five years.

The state trial judge granted a motion for a directed verdict on the state's prior felony ground. The court found that the state had failed to present sufficient evidence to establish beyond a reasonable doubt that the prior offense was a felony.[2]

At sentencing, the state produced testimony of a Texas parole officer, and the judge found that Durosko had committed the robberies while on parole from a felony conviction. The court then imposed the life sentences mandated by § 13–604.02.

Durosko unsuccessfully appealed his convictions and sentences to the Arizona Supreme Court, raising only a claim of ineffective assistance of counsel. Durosko then filed a petition for post-conviction relief. Thereafter, he filed a superseding, amended petition raising the double jeopardy issue. The state argued that the issue was precluded for failure to raise it on direct appeal. It also contested the merits of the claim. The trial court denied the petition without explanation. A subsequent motion for rehearing was also denied. The Arizona Supreme Court denied review.

Durosko then filed a habeas corpus petition in the district court, raising two closely related double jeopardy claims. The district court ruled that the double jeopardy issues were not precluded by state procedural default, but denied relief on the merits. We affirm.

As a preliminary matter, appellees argue that Durosko's failure to raise these issues on direct appeal in state court constitutes a procedural default that bars federal review absent a showing of cause and prejudice. See Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Appellees urge us to interpret the state court's denial of Durosko's petition for post-conviction relief as resting on this procedural ground. Such a course was recently foreclosed by Harris v. Reed, — U.S. ——, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), which held that a procedural default does not bar consideration of a federal claim unless the state court expressly relies on the procedural bar. Therefore, we are not restricted from addressing Durosko's claims.

Durosko claims that he was put twice in jeopardy for the same offense when his sentence was enhanced under A.R.S. § 13–604.02 after the trial judge had directed a verdict for him on enhancement under A.R.S. § 13–604. To prevail on this claim,

---

1. This enhancement provision will be referred to throughout by its current designation, A.R.S. § 13–604.02.

2. The district court placed some weight on the argument that it was error for the state trial judge to believe that the jury must determine whether Durosko's prior conviction was a felony under the laws of Texas. Instead, the state judge should have determined as a matter of law whether the offense committed by Durosko in Texas was a felony under the law of Arizona. State v. LeMaster, 137 Ariz. 159, 669 P.2d 592, 600 (Ct.App.1983). Even if the trial judge erred, however, this does not affect the result here. "Reliance on an error of law ... does not change the double jeopardy effects of a judgment that amounts to an acquittal on the merits." Arizona v. Rumsey, 467 U.S. 203, 211, 104 S.Ct. 2305, 2310, 81 L.Ed.2d 164 (1984).

Durosko would have to show both that double jeopardy protection attaches to the enhancement proceedings at issue here and that being on release from a felony under § 13–604.02 was the "same offense" for double jeopardy purposes as having a prior felony conviction under § 13–604.

To establish that double jeopardy protection applies to the proceedings at issue, Durosko relies mainly on *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981). In *Bullington,* the Court held that the state could not seek the death penalty after the defendant's retrial on a murder charge when it had failed to obtain the death penalty in the sentencing phase of the first trial and the sentencing phase was itself like a trial on guilt or innocence. The Court had stated in *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), that the imposition of a sentence lacks the finality of an acquittal. However, the court found in *Bullington* that where the penalty phase bears the "hallmarks of the trial on guilt or innocence," 451 U.S. at 439, 101 S.Ct. at 1858, failure of the state to obtain a particular sentence indicates that there was insufficient evidence to support that sentence, which bars retrial under *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

We have not previously considered whether *Bullington* applies to enhancement proceedings in which proof of prior offenses must be made to a jury beyond a reasonable doubt. The Fifth Circuit has determined that *Bullington* applies, holding that "if the state fails to introduce sufficient evidence of the defendant's status as a habitual offender at a first trial, the Double Jeopardy Clause prohibits the sentencing of the defendant as a habitual offender at a second trial." *Briggs v. Pro-*

*cunier,* 764 F.2d 368, 371 (5th Cir.1985). *But cf. Baker v. Duckworth,* 752 F.2d 302 (7th Cir.) *cert. denied,* 472 U.S. 1019, 105 S.Ct. 3483, 87 L.Ed.2d 618 (1985) (distinguishing *Bullington* and finding that after a jury found that the defendant was not a habitual offender in an enhancement proceeding relating to one theft, the prosecutor could use the same two prior felony convictions plus a third as the basis for a habitual offender enhancement relating to a different theft charge). Like the death sentencing procedure in *Bullington,* the habitual offender scheme in *Briggs* required the state to prove the predicate facts beyond a reasonable doubt. *Briggs,* 764 F.2d at 371.

█ We adopt the Fifth Circuit's approach because it is consistent with *Bullington*'s focus on whether the sentencing proceeding at issue resembled a trial on punishment. As in *Bullington,* the directed verdict in the trial-type enhancement proceeding under § 13–604 amounted to a failure by the state to prove its case under the specific section relied upon.

Once it is determined that the directed verdict on enhancement under § 13–604 should be given the double jeopardy effect of an acquittal on those grounds for the enhancement, it still remains to decide what that effect should be in this case. The question is whether an acquittal under § 13–604 bars an enhancement under § 13–604.02. Answering this question requires us to focus on the differences between the two provisions.[3] In *Bullington,* the second proceeding, which was held to violate double jeopardy, would have been an exact repetition of the first. Here, there are relevant differences between the two enhancement provisions.

In deciding whether the directed verdict on § 13–604 barred enhancement under

---

**3.** Before reaching these differences, we briefly adress one possible distinction between the instant case and *Bullington.* The district court suggested that this case might differ from *Bullington* because this case involves "a single, bifurcated sentence enhancement proceeding." We disagree; nothing turns on this distinction. To adopt it would suggest that the result in *Bullington* would have been different if the state procedure had given the state two opportunities

after a trial to obtain the death penalty, or that the result in this case should turn on whether Durosko successfully appealed the underlying robbery convictions in between the § 13–604 proceeding and the § 13–604.02 proceeding. This emphasis on the timing of the second proceeding is inconsistent with the thrust of *Bullington,* that the prosecution should not have a second opportunity to prove what it failed to prove once.

§ 13–604.02, the district court, relying on language in *Sailor v. Scully*, 836 F.2d 118 (2nd Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 2002, 100 L.Ed.2d 233 (1988), asked whether the two *punishments* were the same. The district court read "punishments" broadly and compared various aspects of the two enhancement provisions in deciding that they were different for double jeopardy purposes. The court noted differences in the standards of proof, what must be proved, and the identities of the trier of fact. It found that the two enhancements had a different "purpose and scope," with § 13–604 focusing on the repetitive nature of the conduct, and § 13–604.02 on the fact that an offense was committed while on conditional release. The court also considered relevant the fact that the two enhancements carried different penalties. The court concluded that "[q]ualitative differences exist between the two provisions and the degree of identity between them is insufficient to bring the protections afforded by the Double Jeopardy Clause into play."

Though we agree with the district judge's ruling, we think his inquiry swept too broadly. The appropriate focus is on whether the two *offenses* are the same. *Sailor*, 836 F.2d at 125, upon which the district court relied, correctly applied the *Blockburger* test for sameness, which asks "whether each provision requires proof of a fact which the other does not," *see Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), and found that the persistent felony offender and second felony offender provisions at issue there were not the same for double jeopardy purposes because each required proof of an element that the other did not. Under the *Blockburger* test, "unless 'each statute requires proof of an additional fact which the other does not,' the Double Jeopardy Clause prohibits successive prosecutions...." *Brown v. Ohio*, 432 U.S. 161, 166, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977) (quoting *Morey v. Commonwealth*, 108 Mass. 433, 434 (1871)).

In the instant case application of the *Blockburger* test yields different results depending upon whether the different standards of proof for the two enhancements are taken into account in determining what must be proved for each enhancement. If the difference in standards of proof is disregarded, § 13–604.02 simply contains one more element than § 13–604. Section 13–604 requires only that the defendant have a prior felony conviction, whereas section 13–604.02 adds the requirement that the defendant be on release from the sentence for the felony. Under the *Blockburger* test these offenses would constitute greater and lesser included offenses and thus be the same. *See Brown*, 432 U.S. at 169, 97 S.Ct. at 2227. However, if the burden of proof beyond a reasonable doubt is counted as an element of § 13–604, then § 13–604 demands proof of an element not required under § 13–604.02, and the two provisions become different offenses under *Blockburger*.

It is consistent with the principles underlying double jeopardy protection to consider a variation in standard of proof in the "same offense" calculus. "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." *Burks*, 437 U.S. at 11, 98 S.Ct. at 2147. This is the value which animates the prohibition against successive prosecutions for the same crime. The appropriate inquiry, therefore, in determining whether the Double Jeopardy Clause bars a second enhancement proceeding, is whether acquittal on the first enhancement indicates that the evidence produced there would be insufficient to convict on the second. A difference in standard of proof is germane to this inquiry.

In the instant case, the directed verdict on § 13–604 constituted a decision that the evidence at the first enhancement proceeding was insufficient to prove the prior felony beyond a reasonable doubt. This does not necessarily imply that the prosecution failed to muster enough evidence at the first proceeding to meet § 13–604.02's preponderance-of-the-evidence standard. When the disparate burdens of proof are considered, "implied acquittal" on § 13–604

and "guilt" on § 13–604.02 are no longer inconsistent.

Based on the foregoing, we conclude that standard of proof must be considered in deciding whether two enhancements constitute the same offense for double jeopardy purposes. It follows that the two enhancements involved here were not the "same," and therefore that the second enhancement proceeding did not violate double jeopardy.

Our conclusion is bolstered by a Supreme Court decision addressing Durosko's second point, the collateral estoppel component of double jeopardy. Durosko contends that the state was collaterally estopped from proving that the Texas conviction was a felony for the purpose of sentence enhancement under § 13–604.02 after the trial judge had directed a verdict based on that issue in the § 13–604 enhancement proceeding. The doctrine of collateral estoppel is included in the constitutional guarantee against double jeopardy. *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). The doctrine provides that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id.* at 443, 90 S.Ct. at 1194. Determining the applicability of collateral estoppel requires consideration of the standard of proof applicable in the two proceedings at issue. In *One Lot Emerald Cut Stones v. United States & One Ring*, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972), the Supreme Court held that a defendant who had been acquitted on charges of smuggling goods into the United States could, consistent with collateral estoppel doctrine, be sued in a civil forfeiture action with respect to those goods. The Court held that

> the difference in the burden of proof in criminal and civil cases precludes application of the doctrine of collateral estoppel. The acquittal of the criminal charges

may have only represented "an adjudication that the proof was not sufficient to overcome all reasonable doubt of guilt of the accused." ... As to the issues raised, it does not constitute an adjudication on the preponderance-of-the-evidence burden applicable in civil proceedings.

*Id.* at 235, 93 S.Ct. at 492 (citations omitted).

Applying similar reasoning to this case, the state judge's determination that the evidence was insufficient to show that the prior conviction was a felony beyond a reasonable doubt did not foreclose a contrary adjudication, at the sentencing hearing, of the felony question under the preponderance of the evidence standard then applicable to "on release" enhancements under § 13–604.02.

In sum, we hold that because of the difference in standard of proof for the two enhancement proceedings at issue here, the two enhancements did not constitute the same offense, and collateral estoppel was inapplicable. Therefore, there was no violation of double jeopardy.

AFFIRMED.