No. 91–483. DELO, SUPERINTENDENT, POTOSI CORRECTIONAL CENTER *v.* KENLEY. C. A. 8th Cir. Motion of respondent for leave to proceed *in forma pauperis* granted. Certiorari denied.

No. 91–498. NEW YORK CITY HOUSING AUTHORITY ET AL. *v.* OWENS. C. A. 2d Cir. Motion of respondent for leave to proceed *in forma pauperis* granted. Certiorari denied. JUSTICE WHITE would grant certiorari.

No. 91–5264. RIVERS *v.* UNITED STATES. C. A. 4th Cir. Certiorari denied. JUSTICE WHITE and JUSTICE BLACKMUN would grant certiorari.

No. 91–5639. MCNEIL ET AL. *v.* UNITED STATES. C. A. D. C. Cir. Certiorari denied. JUSTICE THOMAS took no part in the consideration or decision of this petition.

No. 91–5952. HUNT *v.* NEW YORK. Ct. App. N. Y. Certiorari denied.

JUSTICE WHITE, dissenting.

A key question in this case is whether the Double Jeopardy Clause applies to triallike sentence enhancement proceedings in noncapital cases. In *Bullington* v. *Missouri*, 451 U. S. 430 (1981), this Court held that the Clause was implicated in such proceedings in the capital context. We expressly declined to address the applicability of the Clause to noncapital sentence enhancement proceedings in *Lockhart* v. *Nelson*, 488 U. S. 33, 37, n. 6 (1988). The New York Court of Appeals in this case held that Double Jeopardy Clause principles did not preclude the State from seeking a second sentence enhancement after it failed to establish the requisite statutory predicate for enhancement in the first proceeding. 78 N. Y. 2d 932, 933, 579 N. E. 2d 208 (1991).

Other courts take the contrary view. See, *e. g., Durosko* v. *Lewis*, 882 F. 2d 357, 359 (CA9 1989), cert. denied, 495 U. S. 907 (1990), and *Bullard* v. *Estelle*, 665 F. 2d 1347, 1361 (CA5 1982), vacated and remanded on other grounds, 459 U. S. 1139 (1983), both cases holding that double jeopardy analysis applies in sentence enhancement proceedings.

Because this division in authority should be resolved, I believe the Court should grant certiorari.