978 F.2d 717
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Soheil SEDAGHAT, Defendant-Appellant.
 No. 91-55004.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1982.*
Decided Oct. 26, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Soheil Sedaghat, a former federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. Sedaghat was convicted by jury of mailing an explosive device with the intent to injure or kill another, in violation of 18 U.S.C. § 1716(a), and possessing an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 DISCUSSION
 I. Ineffective Assistance of Counsel
 
 3
 Sedaghat contends that he was denied the effective assistance of counsel because his defense counsel failed to investigate certain acquaintances and illegal activities of Diane Dorsey, the victim of the bombing. Sedaghat also challenges his counsel's failure to investigate his allegation that Postal Inspector Glen Porter attempted to "find some drugs to plant in [his] backpack" during an interrogation.
 
 
 4
 To demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Mere conclusory allegations are insufficient to prove that counsel was ineffective. Shah v. United States, 878 F.2d 1156, 1161 (9th Cir.), cert. denied, 493 U.S. 869 (1989); United States v. Schaflander, 743 F.2d 714, 721-22 (9th Cir.1984), cert. denied, 470 U.S. 1058 (1985).
 
 
 5
 Sedaghat has failed to substantiate his conclusory allegations of ineffective assistance of counsel. He has not produced affidavits or statements from any of the witnesses or from counsel. The district court properly dismissed Sedaghat's bare allegations of ineffective assistance without an evidentiary hearing. See Shah, 878 F.2d at 1161.
 
 
 6
 Moreover, even assuming that his counsel's performance was deficient, Sedaghat's claim of ineffective assistance fails because he cannot establish prejudice. See Strickland, 466 U.S. at 691.
 
 II. Procedural Default
 
 7
 Sedaghat contends that the district court erred in denying his section 2255 motion because it was highly prejudicial to admit testimony regarding his relationship with Dorsey and his nationality, the evidence did not support the jury's verdict, and the prosecutor improperly vouched for the credibility of Dorsey's testimony.
 
 
 8
 Generally, a collateral challenge under section 2255 "may not do service for a direct appeal." United States v. Frady, 456 U.S. 152, 155 (1982); United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985). Because Sedaghat failed to raise these issues on direct appeal, see United States v. Sedaghat, Nos. 88-5300, 88-5371, unpublished memorandum disposition (9th Cir. Mar. 5, 1990), he must show cause for his procedural default and actual prejudice resulting from the alleged errors in order to obtain collateral relief under section 2255. See Frady, 456 U.S. at 168.
 
 
 9
 Sedaghat alleges that he failed to raise these claims on direct appeal because he "had no clear knowledge of proceedings and had no control over the arguments raised." This is insufficient to establish cause for his procedural default. See Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir.1988) (petitioner's mental condition and reliance upon allegedly incompetent "jailhouse lawyers" did not constitute cause for his procedural default). Accordingly, Sedaghat's procedural default bars review of these claims.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3