983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sherman P. HAWKINS, Petitioner-Appellant,
v.
Jack McCORMICK, Warden, Montana State Prison, Respondent-Appellee.
 No. 92-35180.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 8, 1993.*
Decided Jan. 14, 1993.
 
 1
 Before FARRIS and KLEINFELD, Circuit Judges, and EZRA**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 In this habeas corpus petition, Sherman Hawkins, convicted of escape and assault, cites a number of alleged errors in his trial and sentencing. Hawkins complains that: (1) his right to be free of double jeopardy was violated, (2) the police conducted an illegal search and seizure, (3) his counsel was ineffective, (4) the application of a case decided after his arrest violated the Ex Post Facto Clause, (5) he was charged with a misdemeanor, but convicted of a felony, (6) the trial judge erroneously sentenced him as a persistent and dangerous offender, (7) the prosecutor's opening remarks deprived Hawkins of a fair trial, (8) his right to a speedy trial was violated, (9) the judge erroneously relied on the presentence report. We affirm the district court's denial of his petition for habeas corpus.
 
 I. FACTS
 
 4
 Hawkins was on work release furlough for first degree murder, when the police received word that he had threatened to kill his ex-wife, Frances Kunz, and one LaVon Bretz, a friend of hers. While travelling to the home of Hawkins' ex-wife to investigate, a police officer saw Hawkins' truck, and followed it. Hawkins accelerated to 80-85 miles per hour, and when Hawkins stopped in the driveway of the Kunz home, the officer conducted a felony stop. A pat-down revealed a small knife and brass knuckles, and Hawkins was arrested for carrying a concealed weapon and for parole violation.
 
 
 5
 While he was being processed, Hawkins allegedly attacked and attempted to strangle the attending officer. He then escaped, and was captured in Arizona.
 
 
 6
 At his first trial, he was found guilty of felony drug possession and misdemeanor escape. The jury was deadlocked on the assault and weapons charges, but Hawkins was tried again on the assault charge and found guilty.
 
 II. STANDARD OF REVIEW
 
 7
 The denial of a petition for writ of habeas corpus is reviewed de novo. Tinsley v. Borg, 895 F.2d 520, 523 (9th Cir.1990), cert denied, 111 S.Ct. 974 (1991). State court factual conclusions are entitled to a presumption of correctness under 28 U.S.C. § 2254(d).
 
 III. DOUBLE JEOPARDY
 
 8
 Hawkins alleges that the second trial violated his right to be free from Double Jeopardy. The Double Jeopardy Clause protects against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense following conviction; and (3) multiple punishments for the same offense. United States v. DiFranesco, 449 U.S. 117, 129 (1980); See United States v. Kane, 876 F.2d 734, 736 (9th Cir.1989).
 
 
 9
 Hawkins seems to be arguing that the first jury's inability to reach a unanimous verdict on the assault amounts to an implicit acquittal on that charge. Appellant's Opening Brief at 13. The notion that a deadlocked jury implies that the defendant has been acquitted has been "uniformly rejected." Arizona v. Washington, 434 U.S. 497, 508-09 (1978); United States v. Goland, 897 F.2d 405, 409 (9th Cir.1990).
 
 
 10
 Hawkins also argues that by being punished for both escaping and for assault, he is being punished twice for the same offense. To decide if two offenses are so similar as to be the "same offense" for Double Jeopardy purposes, we ask if "each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932); Durosko v. Lewis, 882 F.2d 357, 360 (9th Cir.1989). Felony escape requires escaping, felony assault does not. Mont.Code 45-5-201 (felony assault); 45-7-306 (escape). Felony assault requires bodily injury, felony escape does not. Id.
 
 
 11
 Finally, Hawkins urges us to consider his case in light of the Supreme Court decision in Grady v. Corbin, 495 U.S. 508 (1990). Grady holds that the "Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." Grady at 521. Grady does not apply, because by proving felony assault, the government will not need to prove escape. To prove that Hawkins assaulted the officer, the government does not have to prove that after the assault Hawkins fled to Arizona.
 
 IV. FOURTH AMENDMENT CLAIMS
 
 12
 Hawkins argues at length that his Fourth Amendment rights were violated when the officer initially stopped him, when he was arrested, and when his truck was searched. He concludes that because of these violations of his Fourth Amendment rights, the trial judge erred when he denied Hawkins' motion to suppress. These claims are not cognizable on petition for habeas corpus. The Supreme Court has ruled that "where the state provided an opportunity for full and fair litigation," a state prisoner may not be granted habeas corpus relief on the basis of these claims. Stone v. Powell, 428 U.S. 465, 490-91 (1976); Terrozona v. Kincheloe, 912 F.2d 1176, 77-78 (9th Cir.1990). These issues were fully reviewed by the Montana Supreme Court. State v. Hawkins, 781 P.2d 259 (Mont.1989).
 
 V. EFFECTIVE ASSISTANCE OF COUNSEL
 
 13
 Hawkins complains that he did not receive effective assistance counsel, and points to the following alleged deficiencies: (1) his counsel failed to pursue the speedy trial issue, (2) his counsel failed to introduce evidence concerning the relationship between Hawkins and his ex-wife, Frances Kunz, (3) his counsel failed to "familiarize himself" with the Montana's former prosecution statute, and (4) the appeal filed by counsel was a waste of "time and paper."
 
 
 14
 In order to establish ineffective assistance of counsel under the Sixth Amendment, a defendant must show (1) that counsel's performance was not within the wide range of professional competence, and (2) that the defendant was prejudiced. Strickland v. Washington, 466 U.S. 668, 687 (1984); Jeffries v. Blodgett, 974 F.2d 1179, 1195 (9th Cir.1992).
 
 A. Speedy Trial
 
 15
 To determine if an accused's right to a speedy trial has been violated, we look to the (1) length of the delay, (2) reason for delay, (3) assertion of the right by defendant, and (4) prejudice to the defendant. United States v. Williams, 782 F.2d 1462, 1465 (9th Cir.1985).
 
 
 16
 The considerable delay before the first trial, approximately 390 days, was caused mostly by Hawkins. The Montana Supreme Court calculated that his psychological examination, his motion to suppress, and his supervisory control proceeding, consumed 263 of the 390 days. Between his first and second trials, 175 days elapsed, and of these, 35 were attributable to Hawkins.
 
 
 17
 Hawkins' lawyer should not be faulted for not raising this issue. Most of the delay before the first trial was attributable to Hawkins. Hawkins has failed to show any prejudice, and therefore fails the Williams test. Because his furlough had been revoked, he would have been in jail anyway. He has not identified what witness he lost because of the delay, or any other way he was put at a disadvantage because of it.
 
 B. Relationship with Kunz
 
 18
 Hawkins complains that his lawyer failed to present evidence concerning his relationship with Frances Kunz. But according to an affidavit, his lawyer made a conscious choice to deemphasize the triangular relationship between Kunz, Bretz, and Hawkins because he wanted to steer clear of the issue of Hawkins' murder of his first wife. Reasonable attorneys might disagree whether this was a wise tactic, and we will not second-guess counsel's trial strategy. Kimmelman v. Morrison, 477 U.S. 365, 384-85 (1986); United States v. Appoloney, 761 F.2d 520, 528 (9th Cir.1985).
 
 C. Other alleged deficiencies
 
 19
 On appeal to the Montana Supreme Court, Hawkins' lawyer unsuccessfully argued that prosecuting Hawkins for assault and for escape violated Montana's former prosecution statutes. Mont.Code 46-11-502, 503. Hawkins now complains that his counsel's performance in arguing this point was deficient, but has provided only conclusions and no specifics and therefore we cannot say that his conduct fell outside the range of professional competence. United States v. Sedaghat, 1992 WL 309835,* 1 (9th Cir.1992) (conclusory allegations of incompetence insufficient).
 
 
 20
 Also in conclusory terms, Hawkins complains about the appellate brief authored by his lawyer, but that brief, which raised five pertinent if not meritorious points, was not "outside the wide range of professionally competent assistance." Strickland at 690.
 
 VI. EX POST FACTO
 
 21
 The Montana Supreme Court applied the case of State v. Burke, 766 P.2d 254 (Mont.1988) to his appeal, but because that case was decided after Hawkins was arrested, he argues that the Ex Post Facto Clause was violated. Burke authorized the warrantless searches of a probationer's home. The Ex Post Facto Clause does not apply to " 'modes of procedure which do not affect matters of substance,' " Coleman v. McCormick, 874 F.2d 1280, 1286 (9th Cir.1989), and therefore does not apply to the Burke decision. The effect of Burke is only to limit what evidence may be admitted at trial, and therefore is not governed by the Ex Post Facto Clause.
 
 VII. THE INFORMATION
 
 22
 Hawkins alleges that he was charged with a misdemeanor, but convicted of a felony. This is simply not true; the information specifically states "COUNT III: Criminal Possession of Dangerous Drugs (Felony)." (emphasis added).
 
 VIII. ERRONEOUS SENTENCING
 
 23
 The state court designated Hawkins a dangerous offender for purposes of parole, and a persistent offender for purposes of sentencing, and Hawkins alleges that these designations are erroneous. When reviewing a habeas petition, we have no authority to inquire into state sentencing law, and therefore cannot consider this issue. Miller v. Vasquez, 868 F.2d 1116, 1119 (9th Cir.1989) (whether petitioner's sentence was correctly enhanced for committing a serious felony is a question of state law and not cognizable on petition for habeas relief).
 
 IX. PROSECUTOR'S OPENING REMARKS
 
 24
 In her opening statement for the second trial, the prosecutor asserted that the victim of the assault would testify to the mental and physical injuries he had received from Hawkins. The testimony was not offered, and Hawkins claims that this violated his right to a fair trial.
 
 
 25
 To justify granting a writ of habeas because of a prosecutor's misstatements, " 'it is not enough that the prosecutor's comments remarks were undesirable or even universally condemned,' " rather the question is whether the " 'prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process.' " Darden v. Wainwright, 477 U.S. 168, 180-81 (1985) quoting Donnelly v. DeChristoforo, 416 U.S. 637, 642 (1974).
 
 
 26
 The comments at issue were part of a synopsis of what was to be proved, not what had been proved. No evidence has been introduced that the Prosecutor made the comments in bad faith, and the judge properly admonished the jury that prosecutorial comments are not evidence. We cannot say that the comments so infected the fairness of the trial as to violate Due Process. As a general matter, habeas relief is not warranted "when the prosecutorial comment is a single, isolated incident, does not stress an inference of guilt from silence as a basis for conviction, and is followed by curative instructions." Lincoln v. Sunn, 807 F.2d 805, 809 (9th Cir.1989).
 
 X. RIGHT TO SPEEDY TRIAL
 
 27
 As described above, the delay in the first trial was substantially caused by Hawkins, and Hawkins has not shown prejudice arising from either delay. United States v. Williams, 782 F.2d 1462, 1465 (9th Cir.1985).
 
 XI. RELIANCE ON PRESENTENCE REPORT
 
 28
 Hawkins argues that the sentencing judge failed to respond to his counsel's allegations of factual inaccuracies in the presentence report. Having heard Hawkins' objections to the presentence report, the judge responded:
 
 
 29
 COURT: Okay. Other than that those items that you have noted in the presentence report, which by and large seem to the Court to be a matter of semantics and not really bearing as much on sentencing as it perhaps would bear on argument on appeal or other issues. Basically, you don't want to get stuck with the parole officer's wording is about what I interpret your objections on this, by and large.
 
 
 30
 MR. BECK (Hawkins's counsel): That is a fair statement, Your Honor.
 
 
 31
 COURT: And that is understandable.
 
 
 32
 And those objections are noted but other than that, do you find anything clearly inaccurate about the presentence report?
 
 
 33
 DEFENDANT: No, sir.
 
 
 34
 The court and Hawkins' counsel agreed that the objections were basically "semantic," and not particularly relevant to sentencing. We must therefore reject Hawkins's argument that no ruling was made on his objections to the presentence report; the sentencing judge, with the approval of Hawkins' counsel, found his objections to the language of the presentence report to be "semantic," and to have little relevance on the sentence to be given.
 
 
 35
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable David A. Ezra, District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3