106 F.3d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Merle R. McMILLEN, Petitioner-Appellant,
v.
Terry L. STEWART, Director of the Arizona Department of
Corrections, Defendant-Appellee.
Samuel L. Lewis; Arizona Attorney General, Respondents-Appellees.
 No. 96-16095.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 24, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Merle R. McMillen, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition challenging his 1989 conviction for burglary. He contends that: (a) insufficient evidence supports his conviction and (b) his sentence violates the Double Jeopardy Clause and collateral estoppel principles. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We affirm.
 
 A. Sufficiency of the Evidence
 
 3
 McMillen contends that his 1989 burglary conviction is based upon insufficient evidence as the evidence at trial showed a forced entry but no intent to commit a felony once inside. We disagree. Evidence of intent to commit kidnapping was shown at trial by McMillen's conduct at the scene and evidence of his 1972 convictions for burglary and kidnapping. See Walters v. Maass, 45 F.3d 1355, 1359 (9th Cir.1995) (evidence of intent for attempted kidnapping manifested by defendant's conduct at scene and prior conviction employing same common scheme or plan).
 
 
 4
 To the extent which McMillen argues that he was convicted of burglary in 1989 because his 1972 convictions were introduced at his 1989 trial, we reject any claim that McMillen's 1989 trial was rendered fundamentally unfair by introduction of the 1972 convictions. See id. at 1357 (prior convictions may be introduced to show common scheme or plan).
 
 B. Double Jeopardy and Collateral Estoppel
 
 5
 After the State established prior convictions from 1972 and 1985, McMillen was sentenced in 1989 to a total term of twenty years imprisonment. When McMillen was sentenced in 1985, however, the State was unable to establish the validity of at least one of the 1972 convictions. Consequently, McMillen contends that allowing proof of the existence of the 1972 convictions in 1989 violated the Double Jeopardy Clause and collateral estoppel principles. We disagree.
 
 
 6
 If a defendant sentenced to life imprisonment obtains reversal of his conviction, the Double Jeopardy Clause protects defendant against imposition of the death penalty upon retrial. Bullington v. Missouri, 451 U.S. 430, 446 (1981). Whether, after the State failed to prove the existence of a prior conviction in the first proceeding, the Double Jeopardy Clause bars proof of the prior conviction upon resentencing in a noncapital case implicates a new rule of law which may not be raised on collateral review. See Caspari v. Bohlen, 114 S.Ct. 948, 956-57 (1994) (citing Teague v. Lane, 489 U.S. 288 (1989)).
 
 
 7
 Neither Bullington nor Bohlen are applicable to McMillen for he was not subject to a capital sentence nor does he attempt to bar the use of prior convictions upon retrial. Instead, McMillen attempts to bar proof of his 1972 convictions after conviction for an entirely different offense. His double jeopardy and collateral estoppel arguments are unsupported by law. See Durosko v. Lewis, 882 F.2d 357, 359 (9th Cir.1989) (distinguishing and approving Baker v. Duckworth, 752 F.2d 302 (7th Cir.1985) (after jury found defendant was not a habitual offender in enhancement proceeding related to one theft, prosecutor could use same two prior convictions plus a third to establish habitual offender enhancement as to different theft charge); see also Ashe v. Swenson, 397 U.S. 436, 442-45 (1970) (the Double Jeopardy Clause incorporates the doctrine of collateral estoppel in criminal proceedings).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 McMillen's October 21, 1996 motion to waive the requirements of Circuit Rule 32(e)(4) is granted. The Clerk shall file McMillen's substitute reply brief, received by this court on October 21, 1996